UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                              Case No. 18CR103

SETH M. RECTOR,

          Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and William Roach, Assistant United States Attorney, and the defendant, Seth M. Rector, individually and by attorney John Birdsall, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a single count indictment, which alleges a violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3.     The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

<u>**COUNT ONE**</u>

*THE GRAND JURY CHARGES THAT:*

*1.   On or about October 26, 2017, in the State and Eastern District of Wisconsin and elsewhere,*

**SETH M. RECTOR**

*knowingly possessed matter that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a minor who had not attained the age of 12 year, and which had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.*

*2.   The child pornography possessed by the defendant included image files identified by the following partial file names:*

| **Partial File Name** | **Description** |
|---|---|
| BED3EFC4 | Image depicting a naked, prepubescent minor female, under 12 years of age, that appears to be hanging by a rope tied around her neck. The minor female is looking down and both of her arms are behind her back. |
| AACCE0C2 | Image depicting a naked, prepubescent minor female, under 12 years of age, kneeling down. Two adult males are displaying their penis close to the face of the minor female. One of the male's penis has a white substance on the tip that is touching the minor female's face. |
| F19ADFC | Image depicting a naked toddler performing fellatio on an adult male's penis. |

*All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).*

5.   The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a

2

reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Starting in at least November 2016, Seth Rector obtained adult and child pornography via the BitTorrent network. FBI SA Jason Pleming observed an IP address associated with Rector sharing known child pornography files as part of larger torrent files. One torrent can contain hundreds of image/movie files. But the names of the files are delineated so it is unlikely that Rector or another individual sharing files can legitimately claim ignorance to repeated child pornography downloads.

On three separate occasions (December 3, 2016, May 10, 2017 and October 6, 2017), SA Pleming utilized law enforcement BitTorrent software to connect with Rector for the purpose of downloading child pornography files from him. SA Pleming was unable to download the files likely due to how Rector had configured his downloads. SA Pleming used a law enforcement version of BitTorrent which required single source downloads that was incompatible with Rector's sharing protocol. Nonetheless, SA Pleming was able to observe the file names (including "13yo Lolita rape and crying with feet bound" and "8 yr girl and 12 yr boy are fucking lolitas") Rector was sharing and confirm that their hash value matched that of known child pornography files in various law enforcement databases.

On September 26, 2017, SA Pleming and other law enforcement executed a search warrant at Rector's residence. Two desk top computers were seized and later searched. The two computers contained a total of 573 child pornography image files as well as BitTorrent file sharing software. Some of these images were carved from "unallocated space' while others were found in files entitled "new folder" and "downloads." These files were submitted to NCMEC and later found to include 23 known images of child pornography from 18 different series. Some of the specific files found are set forth in the indictment.

Rector was advised of his *Miranda* rights and agreed to speak with SA Pleming. Rector admitted that he has been addicted to pornography for many years and, within the past year or so, began using the bitTorrent network. Rector said that sometimes child pornography would be included within an adult pornography torrent. He said when he saw child pornography included in the torrent file, he would view and possess the image or movie file but then typically delete it.

The defendant further agrees that the computers and respective hard drives contained therein, were transported in interstate commerce. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

3

## PENALTIES

6.     The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years and $250,000. The count also carries a mandatory special assessment of $100, at least five years of supervised release, and a maximum of life supervised release. The parties further recognize that a restitution order may be entered by the court. Also, if the defendant is determined to be non-indigent, he will be required pursuant to 18 U.S.C. § 3014 to pay a $5,000 special assessment.

7.     The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8.     The parties understand and agree that in order to sustain the charge of possession of child pornography as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> **First**, The Defendant knowingly possessed or accessed with intent to view any visual depiction;
>
> **Second**, the visual depiction is child pornography;
>
> **Third**, the child pornography involved a minor under 12 years of age;
>
> **Fourth**, the defendant knew that one or more of the persons depicted were under the age of eighteen years; and
>
> **Fifth**, the material identified in the indictment has been mailed, shipped or produced using materials that have been mailed, shipped or transported in a manner affecting interstate or foreign commerce.
>
> Sources: 7th Cir Pattern Jury Instruction, *U.S. v. Angle*, 234 F.3d 326 (7th Cir. 2000)
>
> Child pornography includes a visual depiction of a minor engaged in sexually explicit conduct, which includes graphic sexual intercourse, including genital –genital, oral-

4

genital, and anal-genital contact and the lascivious display of genitals. 18 U.S.C. § 2256(2).

In *United States v. Miller* 829 F.3d 519 (7th Cir 2016) the 7th Circuit reiterated that to qualify as lascivious, the "focus of the image must be on the genitals or the image must be otherwise sexually suggestive." The image itself must be analyzed as well as the intent of the producer/possessor of the image.

## SENTENCING PROVISIONS

9.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

5

## Sentencing Guidelines Calculations

13.    The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14.    The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15.    The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 18 under Sentencing Guidelines Manual § 2G2.2(a)(1).

## Specific Offense Characteristics

16.    The parties acknowledge and understand that the government will recommend the sentencing court the following specific offense increases: (1) a two-level increase due to the material involving a prepubescent minor under Sentencing Guidelines Manual § 2G2.2(b)(2);

6

and (2) a four-level increase because the offense involved 300-600 images under Sentencing Guidelines Manual §2G2.2(b)(7)(C).

## Acceptance of Responsibility

17.     The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19.     Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

20.     The government agrees to recommend a sentence of forty-eight months imprisonment. The defense is free to argue as to length of sentence and terms of supervised release. The parties are free to make any recommendation as to number of years of supervised release, imposition of fine, and/or other terms of his sentence consistent with this agreement.

7

### Court's Determinations at Sentencing

21.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

23.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction, or upon further order of the court. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. The defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

24.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and

8

sworn financial statement on a form provided by FLU and any documentation required by the form.

**Fine**

25.  The government will recommend to the sentencing court that no fine be imposed against the defendant.

**Special Assessment**

26.  The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing, or upon further order of the court. Also, if the defendant is non-indigent he must pay a $5,000 fine pursuant to 18 U.S.C. § 3014.

**Restitution**

27.  The parties acknowledge and understand that the government may recommend to the sentencing court that the defendant pay restitution should a request be made by a victim in this case. The parties acknowledge and understand that the defendant will not join in this recommendation. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

**Forfeiture**

28.  The defendant agrees that all properties listed in the indictment were used to facilitate the offense of conviction. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an

9

interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

29.  In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a.  If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

10

30.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31.    The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32.    Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute[s] or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute[s] or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the

11

sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## Further Civil or Administrative Action

33.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## MISCELLANEOUS MATTERS

34.     Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for

12

failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

35.    The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36.    The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37.    The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38.    The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39.    The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his

13

breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 12-13-18

SETH M. RECTOR
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 12/13/18

JOHN BIRDSALL
Attorney for Defendant

For the United States of America:

Date: 12/12/18

MATTHEW D. KRUEGER
United States Attorney

Date: 12/15/18

WILLIAM ROACH
Assistant United States Attorney

15